# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUDITH PAULICK,**
        **Plaintiff,**

       **v.**                                    **Case No. 04-C-1008**

**UNITED STATES OF AMERICA,**
        **Defendant.**

## DECISION AND ORDER

Pro se plaintiff Judith M. Paulick, who is an attorney licensed to practice law in the State of Wisconsin, brings this action against defendant the United States of America ("the IRS") seeking "the recovery and abatement of Internal Revenue taxes" assessed against her for 1998. (Compl. ¶ III.) Pursuant to Fed. R. Civ. P. 12(b)(1), the IRS moves to dismiss for lack of subject matter jurisdiction.

## I. BACKGROUND

On April 15, 1999, plaintiff paid $1,500 toward her 1998 tax liability. Subsequently, she filed three applications for extensions of time to file her return. The IRS granted her first two requests, and as a result, her return was due on October 15, 1999. Although the IRS granted plaintiff's second request, plaintiff states that the IRS never informed her that it did so.

Plaintiff did not file her 1998 return until December 18, 1999. Further, the return showed a tax due of $11,725, but plaintiff submitted a payment of only $7,725. In February 2000, the IRS assessed a tax of $11,725, an estimated tax penalty, and penalties for failure to pay taxes and for late filing. In August 2000, plaintiff made a $2,500 payment.[1] The IRS

---

[1] Plaintiff asserts that the reason for the delay in making this $2,500 payment was that she erroneously sent the check to the Wisconsin Department of Revenue, rather than the IRS, and did not discover her error until 1999.

also applied an overpayment credit of $1,100.28 from tax year 1999 and a levy payment of $242.42 to the 1998 obligation. As of November 2004, plaintiff owed $2,333.01 for tax year 1998, and as far as the record reveals, she still owes that amount.

Plaintiff alleges that on April 4, 2000, she filed a Form 843 claim for refund and request for abatement with the IRS. In such form, plaintiff requested that the IRS abate at least part of the interest and penalties it assessed against her for 1998. As grounds for the abatement, plaintiff argued that the IRS's failure to notify her of its action with respect to the second request for an extension somehow caused her to file her return late and to underpay her taxes. Plaintiff states that the IRS has not taken any action in connection with her Form 843 claim.

In the present suit, plaintiff requests "judgment determining the abatement of the penalties and the determination of the proper amount of interest due on the 1998 Taxes if any." (Compl. ¶ VIII.) It thus appears that plaintiff seeks a declaratory judgment determining the proper amount of her 1998 tax liability.

## II. RULE 12(b)(1) STANDARD OF REVIEW

The party invoking federal jurisdiction bears the burden of establishing the elements of jurisdiction. NLFC. Inc. v. Devcom Mid-Am., Inc., 45 F.3d 231, 237 (7th Cir. 1995). When ruling on a motion to dismiss under Rule 12(b)(1), I "must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). However, I "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id. (quoting Grafon Corp. v Hausermann, 602 F.2d 781, 783 (7th Cir. 1979).

## III. DISCUSSION

Plaintiff asserts that I have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1346(a)(1), which provides that district courts have original jurisdiction over:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

Under the Supreme Court's interpretation of § 1346(a)(1), district courts cannot exercise jurisdiction pursuant to it unless the taxpayer has first paid the taxes assessed against him or her in full. See Flora v. United States, 362 U.S. 145, 177 (1960); Schon v. United States, 759 F.2d 614, 617 (7th Cir. 1985). By virtue of Treasury Regulation § 301.6201-1(a) (defining "taxes" to include "interest, additional amounts, additions to the taxes, and assessable penalties"), the Flora rule requires payment of all applicable interest and penalties, as well as the full underlying tax, before an action can be maintained in district court.

In the present case, it is undisputed that plaintiff has not paid her 1998 taxes in full. Therefore, under Flora, I cannot exercise jurisdiction over her claims pursuant to § 1346(a)(1). Plaintiff has advanced no other basis for federal jurisdiction, and thus this case will be dismissed.

## IV. CONCLUSION

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED**, and that this case is **DISMISSED WITHOUT PREJUDICE.**

Dated at Milwaukee, Wisconsin, this 11th day of July, 2005.

                                        s/Lynn Adelman
                                        LYNN ADELMAN
                                        District Judge